UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEANNETTE ARENSBERG, | § | No. SA:14–CV–765–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ASSOCIATIONS, INC. d/b/a | § | |
| ASSOCIA PROCOMM, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO PROSECUTE

Before the Court is a Motion to Dismiss for Failure to Prosecute and
an alternative Motion to Compel Plaintiff to Participate in Discovery filed by
Defendant Associations, Inc. d/b/a Associa ProComm ("Defendant").  (Dkt. # 12.)
Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition
without a hearing.  After reviewing the Motion, for the reasons that follow, the
Court **GRANTS** Defendant's Motion to Dismiss and **DENIES AS MOOT**
Defendant's Motion to Compel Plaintiff to Participate in Discovery.  (Dkt. # 12.)

BACKGROUND

On August 28, 2014, Plaintiff Jeannette Arensberg ("Plaintiff") filed a
pro se Complaint against Defendant, her former employer, alleging violations of
the Americans with Disabilities Act.  (Dkt. # 1.)  Specifically, Plaintiff alleges that

1

Defendant failed to provide reasonable accommodations for her chronic migraines, that she was eventually discharged from her position because "it just [wasn't] working out," and that in reality she was discharged because of her disability.  (Id. ¶¶ 7–10.)  On March 6, 2015, Magistrate Judge Pamela Mathy issued an order extending Plaintiff's deadline to effectuate service.  (Dkt. # 4.)  Defendant filed a Motion to Dismiss for Insufficient Service of Process on March 27, 2015; Ms. Arensberg never filed a response.  (Dkt. # 5.)  On May 19, 2015, this Court denied Defendant's motion in light of Judge Mathy's order.  (Dkt. # 10.)

On May 5, 2015, this Court issued a scheduling order requiring the parties to complete discovery by December 9, 2015.  (Dkt. # 6 at 2.)  On September 9, 2015, Defendant sent Ms. Arensberg a First Set of Interrogatories, a First Set of Requests for Production of Documents, and a Request for Disclosure via e-mail, First Class Mail, and Certified Mail.  (Dkt. # 12, Ex. D.)  The parties communicated with one another via e-mail, and ultimately agreed that Ms. Arensberg's response to the September 9 discovery request was due October 26, 2015.  (Dkt. # 12, Exs. E–G.)  Plaintiff did not respond to the discovery request by October 26, 2015.  (Dkt. # 12 at 4.)  Between October 31, 2015, and December 1, 2015, defense counsel sent Ms. Arensberg at least five communications via e-mail and certified letter requesting the outstanding discovery responses (Dkt. # 12, Exs. G–K); Defendant claims it has not received an answer to any of these

communications.  (Dkt. # 12 at 4.)  Ms. Arensberg has not requested an extension of time to complete discovery or otherwise communicated with this Court.  On December 9, 2015, Defendant filed the instant Motion to Dismiss for Failure to prosecute.  (Dkt. # 12.)

<u>LEGAL STANDARD</u>

Where a "plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under [Federal Rule of Civil Procedure 41(b)] . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).[1]  "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute."  <u>Berry v. CIGNA/RSI–CIGNA</u>, 975 F.2d 1188, 1190 (5th Cir. 1992); <u>see also</u> <u>Larson v. Scott</u>, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal for want of prosecution where a pro se litigant failed to file certain documents with the court, despite a Magistrate Judge's warning four months prior that a "failure to comply might result in dismissal.")  A court's authority to dismiss a case for want of prosecution is based upon its "power to manage and administer [its] own affairs to ensure the orderly and expeditious

---

[1] A case should only be dismissed with prejudice for failure to prosecute in "the most egregious of cases."  <u>Boudwin v. Graystone Ins. Co., Ltd.</u>, 765 F.2d 399, 401 (5th Cir. 1985) (quoting <u>Rogers v. Kroger</u>, 669 F.2d 317, 320 (5th Cir. 1982)). This is not an egregious case.

disposition of cases.'" <u>Berry</u>, 975 F.2d at 1191 (quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630–31 (1962)).

DISCUSSION

Judge Mathy's order directed Ms. Arsenberg to a free *pro se* litigation manual published by the Western District of Texas and advised Plaintiff that failure to communicate with this Court or comply with legal rules could result in dismissal for failure to prosecute.  (Dkt. # 4 at 5–6.)  This Court's scheduling order set the deadline for parties to complete discovery by December 9, 2015, unless the parties moved to extend the deadline.  Ms. Arsenberg has not responded to the Defendant's discovery requests, has not submitted discovery requests to the Defendant, and has not communicated with the Court to request an extension of time to complete discovery.  Ms. Arsenberg has failed to prosecute her case, justifying dismissal of the action against Defendant.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss for want of prosecution, and **DENIES AS MOOT** Defendant's Motion to Compel Plaintiff to Participate in Discovery.  (Dkt. # 12.)  Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff has leave to reinstate the case within thirty days of this order, provided she file with the court a notice of

intent to reinstate the case, and an agreement to comply with all court discovery rules.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 10, 2015

_____
David Alan Ezra
Senior United States Distict Judge